*374 OPINION.
Van Fossan:
Section 704 (a) of the Revenue Act of 1928 provides:
If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer’s existence.
In Commercial Trust Co., 18 B. T. A. 1248, we pointed out that in all cases in which the shareholders did not control the actions of the trustees, irrespective of whether or not the taxpayer was engaged in business under corporate form, the rulings of the Bureau of Internal Revenue, in effect up to July 1, 1924, consistently held that the taxpayer was taxable as a trust. See also E. A. Landreth Co., 15 B. T. A. 655; Van Cleave Trust, 18 B. T. A. 486.
The case at bar is such a case. Therefore, the petitioner comes within the provisions of section 704 (a), supra, and must be taxed as a trust for the year 1923.
This Board has held that the significant tests to be applied in determining whether an alleged trust is a trust, or an association taxable as a corporation, are whether (1) the beneficiaries of the alleged trust have voluntarily associated themselves together in the general form and mode of procedure of a corporation, and (2) are *375 organized to, and in fact are, engaged in the active conduct of a business for profit, or (3) whether the trustees are merely holding the property and collecting the income therefrom and distributing to those beneficially interested. Extension Oil Co., 16 B. T. A. 1028; affd., 47 Fed. (2d) 65; Jackson-Wermich Trust, 24 B. T. A. 150; E. B. Galbreath et al., 24 B. T. A. 1107.
During the years 1924 and 1925 the trustees did nothing more than collect installments of reserved purchase money and distribute them to the beneficiaries. The retention of $10,000 from the purchase price was necessitated by the possible prohibitions of censorship authorities. The trust was continued in 1924 and 1925 solely to meet that contingency. The nominal actions of the trustees during those years do not signify that the petitioner was engaged in the active conduct of a business for profit, but rather that the funds of the trust were merely received and held for distribution. Gardiner v. United States, 49 Fed. (2d) 992; Lansdowne Realty Trust v. Commissioner, 50 Fed. (2d) 56; Zenith Real Estate Trust v. Commissioner, 54 Fed. (2d) 29.
Under these facts, therefore, the petitioner is taxable as a trust during all the years under consideration.

Judgment will be entered for the petitioner.